FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 6 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00886-LTB

WILLIAM MAUNZ,

    Plaintiff,

v.

DEPUTY M. KANIPE, Badge No. 98 w/m,
DENVER COUNTY SHERIFF'S DEPT.,
GARY WILSON, Under-Sheriff, and
OFFICE OF THE MAYOR,

    Defendants.

## ORDER DENYING MOTION

Plaintiff, William Maunz, has filed *pro se* on August 12, 2011, a "Motion for Refiling (Recusal of LTB)" (Doc. #13) in which he apparently asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on August 3, 2011. The Court must construe the motion liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court also construes the motion as including a request to recuse even though Mr. Maunz does not specifically make such a request in the text of the motion. For the reasons discussed below, both requests will be denied.

The Court first will address the request to recuse. The Court will consider the request pursuant to both 28 U.S.C. § 144 and 28 U.S.C. § 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may

request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. **See Green v. Branson**, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." **Hinman v. Rogers**, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. **See Glass v. Pfeffer**, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." **United States v. Burger**, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. **See Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." **Glass**, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. **See United States v. Cooley**, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Maunz fails to submit a timely and sufficient affidavit of personal bias and

prejudice and he fails to make any argument that would demonstrate an appearance of partiality. The fact that the Court dismissed this action is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." **Liteky v. United States**, 510 U.S. 540, 555 (1994). Therefore, the request to recuse will be denied.

The Court next will address the request to reconsider the Court's order dismissing this action. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Maunz's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." **Phelps v. Hamilton**, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the

3

controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the instant action without prejudice because Mr. Maunz failed to cure a deficiency within the time allowed. More specifically, Mr. Maunz failed to file a Prisoner Complaint on the proper form. Before the case was dismissed, Mr. Maunz was advised what he needed to do to cure the deficiency, was granted three extensions of time to cure the deficiency, and specifically was warned that "[n]o further extensions will be granted absent specific allegations that demonstrate a present inability to complete and file a Prisoner Complaint as directed." (Doc. #11 at 1.) The Court denied Mr. Maunz' motion for a fourth extension of time because Mr. Maunz failed to demonstrate a present inability to complete and file a Prisoner Complaint as directed. The Court specifically noted that Mr. Maunz had demonstrated an ability to communicate with the Court in other actions he commenced in the District of Colorado as well as an ability to file an appropriate pleading on the proper form in one of those actions.

On consideration of the motion to reconsider and the entire file, the Court finds that Mr. Maunz fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Although Mr. Maunz argues that the claims he seeks to pursue have merit, he fails to present any reasoned argument that addresses the Court's determination that he failed to file a Prisoner Complaint within the time allowed despite having the ability to do so. Furthermore, Mr. Maunz still has not filed a Prisoner Complaint in this action. As a result, the motion to reconsider will be denied.

4

Mr. Maunz is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Maunz wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the "Motion for Refiling (Recusal of LTB)" (Doc. #13) filed on August 12, 2011, is denied.

DATED at Denver, Colorado, this __16th__ day of ___August___, 2011.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00886-BNB

William Maunz
Prisoner No. 457517
Colorado Mental Health Institute at Pueblo
1600 W 24th St
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 16, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
        Deputy Clerk